IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDA L. BOWERS,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES; ANTHONY J. YONKERS, M.D.;<br><br>        Defendants. | 8:15CV47<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss (Filing No. 10) filed by the United States (the "Government"). For the reasons stated, the claims of Plaintiff Linda L. Bowers against the Government will be dismissed.

## BACKGROUND

Bowers brings her claims against the Government and Anthony J. Yonkers, M.D. ("Yonkers") based on alleged medical negligence occurring at the Department of Veterans Affairs ("VA") Hospital in Omaha, Nebraska, and pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

On February 1, 2008, the Nebraska Western Iowa Health Care System ("NWIHCS") entered into a contract with University of Nebraska Medical Center ("UNMC") Physicians to provide Ear, Nose and Throat ("ENT") otolaryngology medical services to beneficiaries of the NWIHCS Omaha Division (the "Contract"). (Solsky Decl., Filing 11-1; Memorandum of Understanding, Filing No. 11-2.) The original contract was effective April 1, 2008, through September 30, 2008. (Filing No. 11-2 at ECF 12.) The parties later extended the term of the contract through September 30, 2009. (Filing No. 11-2 at ECF 76.)

The Contract stated, in part, that the professional services rendered by UNMC Physicians or its healthcare providers were those of an independent contractor and that the Government "retain[ed] no control over professional aspects of the services rendered, including . . . [UNMC Physicians] or its health-care providers' professional medical judgment, diagnosis, or specific medical treatments." (Filing No. 11-2 at ECF 55.) The Contract also provided that "[UNMC Physicians] and its health-care providers shall be liable for their liability-producing acts or omissions." (Filing No. 11-2 at ECF 55.) The Contract mandated that UNMC Physicians require those providing healthcare services under the Contract to maintain their own professional liability insurance. (Filing No. 11-2 at ECF 55.) Yonkers was a physician employed by UNMC Physicians and not an employee of NWIHCS. (Filing No. 11-1 ¶ 7.)

On December 11, 2008, Yonkers performed a tonsillectomy on Bowers at the VA NWIHCS Hospital. Bowers alleges that a tonsillar remnant remained post-surgery that developed a cyst that was not discovered until 2012. The cyst caused several symptoms over time, including throat pain and nausea. As a result, Bowers was required to undergo a second surgery on August 2, 2012, to remove the cyst.

Bowers alleges that Yonkers breached his duty of care to Bowers and seeks general and special damages incurred as a result of Yonkers's negligence. Bowers submitted her claim to the VA, pursuant to the FTCA. Her claim was administratively denied on July 31, 2014, and she filed this action on January 30, 2015.

**STANDARD OF REVIEW**

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the case. The Court has "'wide discretion'"

to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (stating that "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts").

"Whether there is Article III standing is always an antecedent question" to whether a federal court has subject matter jurisdiction over an action; if standing "is lacking, a federal court has no subject-matter jurisdiction over the claim." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933, 934 (8th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–96 (1998)). For a party to have standing to sue in a federal court: (1) "'there must be alleged . . . an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical'"; (2) "'there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant'"; and (3) "'there must be redressability—a likelihood that the requested relief will redress the alleged injury.'" *Id.* (quoting *Steel Co.*, 523 U.S. at 102-04).

3

The party attempting to invoke a federal court's jurisdiction bears the burden of establishing that jurisdiction exists. *Id.* (quoting *Steel Co.*, 523 U.S. at 102-04); *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). At the pleading stage, "'[g]eneral factual allegations of injury resulting from a defendant's conduct may suffice' . . . to meet the injury in fact requirement for constitutional standing." *Delorme v. United States*, 354 F.3d 810, 815-16 (8th Cir. 2004) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Generally, however, the plaintiff must indicate "who suffered an injury, what the injury is, or who caused the injury alleged[.]" *Id.*; *see also Heide v. F.A.A.*, 110 F. App'x 724, 726 (8th Cir. 2004) (stating that "generalized statements" which "fail[ed] to identify with particularity any injury . . . suffered . . . [wa]s insufficient to establish standing[.]").

## DISCUSSION

### I. Government's Liability Under the FTCA

The Government argues that Bowers's claims under the FTCA must be dismissed because Yonkers was an independent contractor. The Government's waiver of its sovereign immunity under the FTCA does not extend to actions based on the conduct of "any contractor of the United States." 28 U.S.C. § 2671. Accordingly, the Government cannot be held liable under the FTCA for negligent acts or omissions of independent contractors or employees of independent contractors. *United States v. Orleans*, 425 U.S. 807, 819 (1976) (stating the Government was not liable under FTCA for negligence of persons who were paid through federal funding, but were not federal employees); *Logue v. United States*, 412 U.S. 521, 528 (1973) (noting that Congress "incorporated into the definitions of the [FTCA] the exemption from liability for injury

4

caused by employees of a contractor"); *Knudsen v. United States*, 254 F.3d 747, 750 (8th Cir. 2001) (stating "the United States is not responsible for the torts of government contractors"). "To determine whether an individual is an employee or contractor, the court must evaluate the extent to which the government has the power to supervise the individual's day-to-day operations." *Knudsen*, 254 F.3d at 750 (citing *Orleans,* 425 U.S. at 814). "The crucial question is the amount of control exercised by the government over the physical performance of the individual." *Id.* (citing *Logue v. U.S.,* 412 U.S. at 527-528).

The Eighth Circuit has held "that physicians in private practice who provide contract services for the [Government] are not government employees for purposes of the FTCA" where the Government does not provide daily supervision or "control the physician's right to exercise independent medical judgment." *Id.* (citing *Bernie v. United States,* 712 F.2d 1271, 1273-74 (8th Cir. 1983)).  In *Bernie*, the Government contracted with the University of South Dakota School of Medicine Medical Services Plan ("MMSP") to provide physician consultation services to the Indian Health Service ("IHS").  *Bernie,* 712 F.2d at 1273. The plaintiff sued the Government under the FTCA based on physician services provided to her through the IHS.  *Bernie,* 712 F.2d at 1273.  The Eighth Circuit concluded that the Government could not be liable for the physician's acts because the physician was an independent contractor. *Id.* The court reasoned that the physician was employed by the MMSP and not the Government, the MMSP services were provided based on an agreed upon fee schedule, any income the physician generated was billed directly to MMSP, and IHS did not control MMSP's services or exercise control over the MMSP physician's medical judgment. *Id.*  Based

on these facts, the court held that it was clear that physicians providing services under the contract "were employees of independent contractors holding service contracts with the government and were not acting as federal employees." *Id.*

As in *Bernie*, the Government here did not retain control over Yonkers or the medical care provided by UNMC Physicians under the Contract. Although Bowers alleged that Yonkers was a NWIHCS employee, she has not refuted evidence that Yonkers was solely an employee of UNMC Physicians. As in *Bernie*, UNMC Physicians provided services to NWIHCS under a fee schedule and billed NWIHCS for services Yonkers rendered to NWIHCS patients. (Filing No. 11-2 at ECF 12-25; Filing No. 11-3.) The Contract expressly stated that the professional services rendered by UNMC Physicians and its health-care providers were those of an independent contractor and the Government "retain[ed] no control over professional aspects of the services rendered, including . . . [UNMC Physicians] or its health-care providers' professional medical judgment, diagnosis, or specific medical treatments." (Filing No. 11-2 at ECF 55.) Regardless of whether Yonkers was negligent in providing medical services to Bowers, the evidence demonstrates that Yonkers was acting in the capacity of an employee of an independent contractor when he provided the services. Accordingly, the Government is not liable for Yonkers's acts under the FTCA.

## II. Subject Matter Jurisdiction Over Remaining Claims

Because Bowers's claims against the Government under the FTCA will be dismissed, the Court reviews its subject matter jurisdiction over her remaining claims. Federal Rule of Civil Procedure 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Bowers

6

bases jurisdiction on 28 U.S.C. § 1346(b)(1), which provides this Court with original jurisdiction over tort claims against the United States. She does not assert any other basis for jurisdiction. She has not alleged diversity of citizenship between herself and Yonkers, nor do the allegations suggest the amount in controversy exceeds $75,000.[1] Accordingly, the Court will require Bowers to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated, the Government cannot be held liable to Bowers under the FTCA because Yonkers acted as an independent contractor; and the Court does not appear to have subject matter jurisdiction over Bowers's remaining claims. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 10) filed by the United States is granted;

2. Plaintiff Linda L. Bowers's claims against the United States are dismissed, with prejudice; and

3. On or before June 15, 2015, Plaintiff Linda L. Bowers will file a memorandum showing cause why her remaining claim should not be dismissed, without prejudice, for lack of subject-matter jurisdiction.

Dated this 4th day of June, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] The Court also notes that it appears from the record that as of the date of this Memorandum and Order, Yonkers has not been served.

7